**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS**

**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **VS.** | § | **NO. 1:99-CR-58** |
| **CLIFFORD WAYNE EGINS** | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed November 8, 2004, alleging that defendant violated conditions of supervised release by submitting a urine specimen that tested positive for cocaine; failing to notify the U.S. Probation Office within 72 hours of arrest; being arrested for unlawful possession of a firearm in relation to a drug trafficking crime and for possessing a firearm as a convicted felon; leaving the judicial district without permission; failing to participate as directed in a drug/alcohol treatment program; and by failing to report to the U.S. Probation Office.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on October 13, 1999, before The Honorable Thad Heartfield, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute a Schedule II controlled substance - cocaine base, a Class B felony.  This offense carried a statutory maximum imprisonment term of no more than 40 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of I, was 70 to 87 months.  Defendant was subsequently sentenced to 70 months imprisonment followed by 5 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; ineligibility for federal benefits for 5 years; and a $100 special assessment.

On May 9, 2003, defendant completed his period of imprisonment and began service of the supervision term.  On September 13, 2004, jurisdiction of defendant's case was transferred to the Southern District of Texas, Houston Division.  On March 24, 2005, jurisdiction of defendant's case was transferred from the Southern District of Texas to the Eastern District of Texas, Beaumont Division.  The case was reassigned to Honorable Thad Heartfield, U.S. District Judge.

## II.  The Period of Supervision

Defendant's term of supervised release commenced on May 9, 2003.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on November 8, 2004.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |
| Standard Condition: | Defendant shall notify the probation officer within 72 hours of any arrest. |
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Standard Condition: | Defendant shall not leave the judicial district without permission of the court or probation officer. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |
| Standard Condition: | Defendant shall report to the probation officer as directed by the court or probation officer. |

As grounds, the petition alleges that on June 7, 2004, defendant reported to Career and Recovery Resources Counseling Center (CARR) and submitted a urine specimen that tested positive for cocaine.  In addition, the petition alleges that on July 2, 2004, defendant was stopped for a traffic violation and was arrested for and charged with possessing a firearm, marijuana, and possessing a controlled substance; the petition also alleges that defendant was subsequently indicted on those charges.  Further, the petition alleges that on July 2, 2004, defendant left the Southern District of Texas without permission from the court or the probation officer, and

traveled to the Eastern District of Texas.  The petition also alleges that defendant was unsuccess-

fully terminated from a drug treatment program on June 22, 2004, and that defendant failed to

report as instructed to the U.S. Probation Office in Houston during the months of July, August,

September, and October, 2004.

## IV.  Proceedings

On July 19, 2005, the undersigned United States Magistrate Judge convened a hearing to

hear evidence and argument on whether defendant violated conditions of supervised release.  If

so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a

mandatory condition of supervised release by submitting a urine specimen that tested positive for

cocaine.  The court announced that this violation is a Grade C violation, with policy guidelines

suggesting 3 to 9 months imprisonment upon revocation.

Counsel for the government and the defendant announced that they had reached an

agreement as to a recommended disposition.  This agreement was that the court should revoke

supervised release, impose 8 months imprisonment; followed by no additional period of super-

vised release.  In return, the government will decline to proceed with remaining alleged violations

of supervised release conditions.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of

supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of

supervised release and require defendant to serve in prison all or part of the term of supervised

release without credit for time served on post-release supervision. The original offense of

conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence

that defendant violated a condition of supervision by using the controlled substance cocaine on or

about June 10, 2004, Clifford Wayne Egins will be guilty of committing a Grade C violation.

U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke

probation or supervised release; or (B) extend the term of probation or supervised release and/or

modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in the case of revocation

of supervised release based on a Grade C violation and a criminal history category of I, the

guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall

consider:

1.      The nature and circumstance of the offense and the history and characteris-
        tics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.      The need for the sentence imposed to afford adequate deterrence to criminal
        conduct; to protect the public from further crimes of the defendant; and to provide
        the defendant with needed educational or vocational training, medical care, other
        corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553
        (a)(2)(B)-(D);

3.      Applicable guidelines and policy statement issued by the Sentencing  Commission,
        for the appropriate application of the provisions when modifying or revoking
        supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date
        the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. §
        924(A)(3);

4.       Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.       The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to an alleged violation of a mandatory condition: submitting a urine specimen that tested positive for cocaine.   Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this standard condition of supervised release, a Grade C violation, in the manner alleged in the petition.

**<u>Conclusion:</u>**

Defendant has demonstrated inability to adhere to conditions of supervision.  Defendant did not comply with conditions of his supervision; he reported to CARR Counseling Center on June 7, 2004, and submitted a urine specimen that ultimately tested positive for cocaine.  The U.S. Probation Office stated that defendant has refused to adhere to the programs they have offered, and will not utilize their assistance.  As such, incarceration appropriately addresses defendant's violations.

## RECOMMENDATIONS

1.      The court should find that defendant violated the condition of supervised release, that refrain from unlawful use of a controlled substance.

2.      The petition should be granted and defendant's supervised release should be revoked.

3.      Defendant should be sentenced to a term of imprisonment of eight (8) months.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 20th day of July, 2005.


_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE